

U.S. Department of Justice

United States Attorney
District of Maryland
Southern Division

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 JAN -8  A 9: 21

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

| | | | |
|---|---|---|---|
| *Thomas P. Windom*<br>*Assistant United States Attorney*<br>*Thomas.Windom@usdoj.gov* | *Mailing Address:*<br>*6500 Cherrywood Lane, Suite 200*<br>*Greenbelt, MD 20770-1249* | *Office Location:*<br>*6406 Ivy Lane, 8th Floor*<br>*Greenbelt, MD 20770-1249* | *DIRECT: 301-344-0197*<br>*MAIN: 301-344-4433*<br>*FAX: 301-344-4516* |

October 5, 2015

Michael T. CitaraManis, Esq.
Office of the Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770

    Re:    United States v. Jamal Alexander Moody,
             Criminal No. [TBD]

Dear Mr. CitaraManis:

        This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by the close of business on August 21, 2015, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offenses of Conviction

        1.    The Defendant agrees to plead guilty to an Information to be filed against him, which will charge him in Count One with conspiracy to commit access-device fraud, in violation of 18 U.S.C. § 1029(b)(2); and in Count Two with aggravated identity theft, in violation of 18 U.S.C. § 1028A. The Information also will allege criminal forfeiture, and the Defendant will consent to the forfeiture allegation alleged in the Information. The Defendant admits that he is, in fact, guilty of the offenses and subject to criminal forfeiture and will so advise the Court.

### Elements of the Offenses

        2.    The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

        a.    Conspiracy to Commit Access-Device Fraud, 18 U.S.C. § 1029(b)(2) (Count One): (1) the Defendant and at least one other person conspired to commit an offense under 18 U.S.C. § 1029(a), specifically 18 U.S.C. § 1029(a)(5); and (2) a member of the conspiracy engaged in conduct in furtherance of the offense.

        b.    Aggravated Identity Theft (Count Two): (1) The Defendant knowingly possessed or used a means of identification of another person, and knew that the means of

identification belonged to another person; (2) the Defendant did so without lawful authority; and (3) the possession or use of the means of identification was during and in relation to a felony violation set forth in 18 U.S.C. § 1028A(c)(4), to wit, fraudulent use of another's credit-card number, in violation of 18 U.S.C. § 1029(b)(2).

## Penalties

3. The maximum sentence provided by statute for the offenses to which the Defendant is pleading guilty is as follows: Count One - a term of imprisonment of seven and one-half years, followed by a term of supervised release of three years, and a fine of $250,000 or twice the gross gain or loss caused by the Defendant's conduct; and Count Two - a term of imprisonment of two years, consecutive to any other sentence imposed, followed by a term of supervised release of one year, and a fine of $250,000. In addition, the Defendant must pay $200 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. The Court may also order the Defendant to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.[1] The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked—even on the last day of the term—and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a. If the Defendant had persisted in a plea of not guilty, he would have had the right to have the grand jury consider the charges against him. He would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

      c.     If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

      d.     The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

      e.     If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

      f.     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

      g.     If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

      h.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551–3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree, and stipulate to the Statement of Facts set forth in Attachment A hereto, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

    a. Count One:

        i. The base offense level is **6,** pursuant to U.S.S.G. § 2B1.1(a).

        ii. The Government believes that the base offense level should be increased by **12** levels, pursuant to U.S.S.G. § 2B1.1(b)(1)(G), because the actual and intended loss reasonably foreseeable to the Defendant exceeded $200,000 but did not exceed $400,000. The Defendant reserves the right to argue that the base offense level should be increased by **8** levels, pursuant to U.S.S.G. § 2B1.1(b)(1)(E), because the actual and intended loss reasonably foreseeable to the Defendant exceeded $70,000 but did not exceed $120,000.[2]

        iii. The base offense level is further increased by **2** levels, pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i), because the Defendant's offense involved 10 or more victims.

        iv. The base offense level is further increased by **2** levels, pursuant to U.S.S.G. §§ 2B1.1(b)(10)(C), because the Defendant's offense involved sophisticated means that the Defendant intentionally engaged in and caused.

        v. The base offense level is further increased by **2** levels, pursuant to U.S.S.G. §§ 2B1.1(b)(11)(A)(i) and (B)(i), because the Defendant's offense involved the possession and use of device-making equipment and the production and trafficking of unauthorized access devices.

        vi. This Office does not oppose a **2**-level reduction in the Defendant's adjusted offense level under U.S.S.G. § 3E1.1(a), based on the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office also agrees to make a motion under U.S.S.G. § 3E1.1(b) for an additional **1**-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to

---

[2] In the event that the Defendant is sentenced under forthcoming amendments to the applicable United States Sentencing Guidelines, scheduled to become effective on November 1, 2015, the Government believes that the base offense level should continue to be increased by **12** levels, pursuant to U.S.S.G. § 2B1.1(b)(1)(G), because the actual and intended loss reasonably foreseeable to the Defendant exceeded $250,000 but did not exceed $500,000. The Defendant reserves the right to continue to argue that the base offense level should be increased by **8** levels, pursuant to U.S.S.G. § 2B1.1(b)(1)(E), because the actual and intended loss reasonably foreseeable to the Defendant exceeded $95,000 but did not exceed $150,000.

sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. If the Defendant obtains a reduction for his acceptance of responsibility, the final offense level applicable to Count One will be either **21 (the Government's position)** or **17 (the Defendant's position)**.

    b. <u>Count Two</u>: Pursuant to 18 U.S.C. § 1028A and U.S.S.G. § 2B1.6, the Court must impose a sentence of two years' imprisonment, consecutive to any other term of imprisonment.

  7. The Defendant understands that there is no agreement as to his criminal history or criminal-history category, and that his criminal history could alter his offense level if he is a Career Offender or if the instant offenses were part of a pattern of criminal conduct from which he derived a substantial portion of his income.

  8. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute. If the Defendant intends to argue for any 18 U.S.C. § 3553(a) factor that could take the sentence outside of the advisory guidelines range, he will notify the Court, the United States Probation Officer, and Government counsel at least 14 days in advance of sentencing of the facts or issues he intends to raise. If the Defendant intends to rely upon any expert report or opinion at sentencing, he must disclose any such opinion or report to this Office 30 days in advance of the sentencing date.

Obligations of the United States Attorney's Office

  9. At the time of sentencing, this Office will recommend, for Count One, a reasonable sentence based on the advisory guidelines range and other factors enumerated in 18 U.S.C. § 3553(a), followed by, for Count Two, a two-year mandatory consecutive sentence.

  10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character, and conduct.

Restitution

  11. The Defendant agrees to the entry of a restitution order for the full amount of the victims' losses, which will be determined prior to sentencing and which is at least $70,000. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A, and 18 U.S.C. §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of actual, total loss caused by the offense conduct set forth in the factual stipulation. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of funds obtained as a result of the criminal conduct set forth in the factual stipulation, as well as any funds that may be available as substitute assets for the purpose of restitution. The Defendant further agrees to take all

reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. This Office will consider failure to fulfill this provision a material breach of this plea agreement and may seek to be relieved of its obligations under the agreement as a result of such a breach.

## Forfeiture

12. The Defendant understands that the Court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, and that the order of forfeiture may include assets directly traceable to his offenses, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses. Specifically, as a consequence of the Defendant's plea of guilty to Count One, charging a violation of 18 U.S.C. § 1029(b)(2), the Court will order the forfeiture of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses, as well as any property used, or intended to be used, to commit or facilitate commission of the offenses, pursuant to 18 U.S.C. § 1029(c) and 18 U.S.C. § 982(a)(2)(B), including but not limited to the minimum actual loss amount of $70,000.

13. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

14. This Office agrees to seek the Attorney General's approval to apply forfeited assets to the Defendant's restitution order.

## Assisting the Government with Regard to the Forfeiture

15. The Defendant agrees to assist fully in the forfeiture of the above-described property. The Defendant agrees to disclose all of his assets and sources of income to the United States, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The Defendant also agrees to give this Office permission to request and review his federal and state income tax returns, and any credit reports maintained by any consumer credit reporting entity, until such time as the money judgment is satisfied. In this regard, the Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) as well as whatever disclosure form may be required by any credit reporting entity.

### Waiver of Further Review of Forfeiture

16. The Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

### Tax Liability

17. The Defendant understands that this agreement does not resolve any civil or criminal tax liability that he may have as a result of his offenses, and that this agreement is with the United States Attorney's Office, not with the Internal Revenue Service or the Tax Division of the United States Department of Justice. The Internal Revenue Service is not a party to this agreement and remains free to pursue any and all lawful remedies it may have.

### Waiver of Appeal

18. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

    b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds the guidelines range for a sentence based upon an adjusted offense level of 21 as to Count One and 24 months consecutive as to Count Two; (ii) this Office reserves the right to appeal any term of imprisonment to the extent that it is below the guidelines range for a sentence based upon an adjusted offense level of 17 as to Count One and 24 months consecutive as to Count Two.

    c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

    d.  The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

Obstruction or Other Violations of Law

  19.  The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state, or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

Court Not a Party

  20.  The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

Entire Agreement

  21.  This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete

plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

Thomas P. Windom
Assistant United States Attorney

Gustav W. Eyler
Special Assistant United States Attorney

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

20160107
Date

Jamal Alexander Moody

I am the attorney for Jamal Alexander Moody. I have carefully reviewed every part of this agreement with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

1-7-2016
Date

Michael T. CitaraManis, Esq.